**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jeffrey Scott TAYLOR, Defendant–Appellant.**

**No. 91–50095.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 1992.*

Decided March 30, 1992.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Michael Alcala, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

John J. Byrne, Jr., Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before TANG, KOZINSKI and TROTT, Circuit Judges.

TANG, Circuit Judge:

Jeffrey Scott Taylor pleaded guilty to bank robbery. He appeals the district court's enhancement of his sentence for brandishing, possessing, or displaying a dangerous weapon. Sentencing Guidelines § 2B3.2(b)(2)(C).

Taylor robbed the Home Federal Bank in La Canada, California on September 29, 1990. Taylor approached the bank teller and handed her a note reading, in relevant part: "This is a hold up. I have a gun in the waistband of my pants." Taylor then pulled up his shirt to reveal a t-shirt. Underneath the t-shirt, in the waistband of Taylor's pants, was what appeared to be a gun. Taylor pulled the t-shirt tightly so that the teller saw the clear outline of a gun handle. Taylor, in fact, never denies that there was a gun in his waistband.

On the basis of this evidence, the district court added a three-point enhancement in calculating Taylor's sentence under the Sentencing Guidelines. We affirm.

## DISCUSSION

Sentencing Guidelines § 2B3.2(b)(2)(C) instructs district courts to increase a defendant's base offense level by three "if a dangerous weapon (including a firearm) was brandished, displayed, or possessed" by the defendant in the course of a robbery.[1] Section 2B3.2(b)(2)(C), Application Note 1, incorporates Section 1B1.1's commentary defining "dangerous weapon." This commentary states that, "[w]here an object that *appeared* to be a dangerous weapon was brandished, displayed, or possessed, treat the object as a dangerous weapon." Sentencing Guidelines § 1B1.1, Application note 1(d) (emphasis added).

The district court's conclusion that Taylor possessed, brandished, or displayed what appeared to be a dangerous weapon was not clearly erroneous. *See United States v. Heldberg*, 907 F.2d 91, 93 (9th Cir.1990) ("We review a district court's conclusion that a defendant possessed a firearm during the commission of an offense for clear error."). Taylor's conscious and deliberate display of the outline of a gun under his shirt, in conjunction with his note stating that he had a gun, instilled fear in his victim and facilitated the commission of the crime. Taylor also increased the risk that his actions would provoke a violent response by victims and/or the police. *See United States v. Smith*, 905 F.2d 1296, 1300 (9th Cir.1990) (Section 2B3.1(b)(2)(C) enhancement applies to an inoperable gun because the defendant's conduct still "instills fear in the average citizen and creates the possibility of immediate, violent response.").

Whether Taylor actually possessed a functioning firearm is beside the point. He intentionally created the appearance that he possessed a dangerous weapon, he told his victim he had a gun, and the victim reasonably believed that Taylor was armed. *Cf. Heldberg*, 907 F.2d at 94 (Sentencing Guidelines § 2D1.1(b)(1)'s enhancement for possession of a "dangerous weapon" applies to "an object that *appears* to be a dangerous weapon in the possession of a defendant during the commission of an offense") (emphasis added); *United States v. Martinez–Jimenez*, 864 F.2d 664, 666–67 (9th Cir.) (toy gun constitutes a "dangerous weapon" within the meaning of 18 U.S.C. § 2113(d); "the robber's creation of even the appearance of dangerousness is sufficient to subject him to enhanced punishment" because "the robber subjects victims

---

1. References are to the 1990 Sentencing Guidelines, which were in effect at the time of Taylor's sentencing. *United States v. Mims*, 928 F.2d 310, 312 n. 1 (9th Cir.1991).

to greater apprehension [and] ... creates a likelihood that the reasonable response of police and guards will include the use of deadly force."), *cert. denied,* 489 U.S. 1099, 109 S.Ct. 1576, 103 L.Ed.2d 942 (1989).

AFFIRMED.