**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph GREENE, Defendant–Appellant.**

No. 91–50399.

United States Court of Appeals,
Ninth Circuit.

Submitted May 6, 1992.*

Decided May 18, 1992.

Deborah Lewis, Deputy Federal Public Defender, Los Angeles, Cal., for defendant-appellant.

David Z. Seide, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.

Before: TANG, SCHROEDER, and BEEZER, Circuit Judges.

PER CURIAM:

In January 1991, Joseph Greene robbed the Capital Bank in Garden Grove, California. During the robbery, Greene twice slapped a bank teller on the left side of her face. The blows were sufficiently hard to dislodge the teller's pierced earrings. As a consequence of Greene's violence, the teller suffered a swollen cheek and pain for a

* The panel unanimously agrees that this case is appropriate for submission without oral argu-   ment. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

week. Greene's handprint could be seen on the teller's cheek and neck. The day after the robbery, the teller felt compelled to seek medical treatment for the continuing pain in her cheek and ear. The doctor prescribed pain medication and asked the teller to return in a week.

Following his arrest, Greene pleaded guilty to the bank robbery. At sentencing, the district court applied a two-level enhancement for Greene's infliction of bodily injury on the teller, pursuant to Sentencing Guidelines § 2B3.1(b)(3)(A).[1] Greene appeals this two-level enhancement. We affirm.

## DISCUSSION

Section 2B3.1(b)(3)(A) prescribes a two-level increase in a defendant's offense level if, in the course of a robbery, a victim "sustain[s] bodily injury." The Sentencing Guidelines' commentary defines "bodily injury" as "any significant injury; *e.g.*, an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1 commentary note 1(b).[2]

The district court did not err in holding that the extent of the bank teller's injury supports a two-level enhancement under Sentencing Guidelines § 2B3.1(b)(3)(A). At the outset, we note that the parties debate whether we should review the district court's decision de novo or for clear error. We need not decide what standard of review applies to a district court's finding of "bodily injury" under section 2B3.1(b)(3)(A) because we would affirm even under the more scrutinizing de novo review.

The bank teller's injuries amply satisfied the Sentencing Guidelines' definition of "bodily injury." Greene does not dispute that the teller suffered pain for a week. The injury was "obvious," moreover, because the victim's cheek was red and swollen and the defendant's handprint was visible on the skin. When confronted with similar circumstances, the Fourth Circuit affirmed the district court's determination that a slap to the face constitutes "bodily injury" within the meaning of Sentencing Guidelines § 1B1.1 commentary note 1(b). *United States v. Isaacs*, 947 F.2d 112, 114–15 (4th Cir.1991).

Alternatively, we hold that, at least where the pain lingers for twenty-four hours, repeated blows to the head represent the type of injury "for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1 commentary note 1(b); *see also Isaacs*, 947 F.2d at 114–15.

In sum, the teller's injuries in this case qualify as a "significant" bodily injury within the meaning of Sentencing Guidelines §§ 2B3.1(b)(3)(A) and 1B1.1 commentary note 1(b). The district court appropriately applied a two-level increase in calculating Greene's offense level.

AFFIRMED.

---

**1.** References are to the 1990 Sentencing Guidelines, which were in effect at the time of Greene's sentencing. *See United States v. Taylor*, 960 F.2d 115, 116 n. 1 (9th Cir.1992).

**2.** To the extent possible, we must read the relevant guideline provision consistently with the accompanying commentary. *United States v. Anderson*, 942 F.2d 606, 612–13 (9th Cir.1991) (en banc).