993 F.2d 886
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry T. ROGERS, Defendant-Appellant.
 No. 92-10522.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 5, 1993.*
Decided May 12, 1993.
 
 Before GOODWIN, TANG and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry T. Rogers pleaded guilty to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and to using a firearm during and in relation to bank robbery, in violation of 18 U.S.C. § 924(c). Rogers appeals from his bank robbery sentence. He argues that his sentence was improperly increased by two levels pursuant to U.S.S.G. § 2B3.1(3)(A) because there was no "bodily injury" as defined by the Sentencing Guidelines. We affirm.
 
 I.
 
 3
 We review de novo the district court's legal interpretation of the Sentencing Guidelines. United States v. Corbin, 972 F.2d 271, 272 (9th Cir.1992). We review for clear error the factual findings underlying the district court's sentencing decision. United States v. Chapnick, 963 F.2d 224, 226 (9th Cir.1992).
 
 II.
 
 4
 Under U.S.S.G. § 2B3.1(3)(A), a defendant's offense level for robbery is increased by two "if any victim sustained bodily injury." The Guidelines define "bodily injury" as "any significant injury; e.g., an injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, comment. (n. 1(b)) (emphasis added).
 
 
 5
 The district court found that "bodily injury" as defined by the Guidelines existed and therefore increased Rogers' offense level by two levels. Specifically, the district court stated:
 
 
 6
 [A]nyone who has been doused with a toxic substance from literally neck to toe, who is suffering from a burning sensation, would be in this Court's careful and considered judgment likely to seek some medical treatment or intervention to insure that they have not been either burned or contaminated, either externally or internally.
 
 
 7
 [TR 7.]
 
 
 8
 Rogers contends that the district court erred because the victim had no obvious injury, did not require any medical attention, returned to work after showering and washing off the gasoline, and only had a potential for medical treatment. Rogers argues that the victim thus did not suffer "bodily injury" as defined by the Guidelines. We disagree.
 
 
 9
 The Guidelines clearly state that "bodily injury" includes any injury in which "medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, comment. (n. 1(b)). In this case, the victim was doused from the shoulders to the waist with gasoline, felt a burning and stinging sensation across his torso, received aid from paramedics, had to shower to wash off the gasoline, and was examined by a physician two days later.
 
 
 10
 Under the circumstances, we find that the district court did not err in finding that the victim sustained an injury of a type in which medical attention would ordinarily be sought. Cf. United States v. Greene, 964 F.2d 911, 912 (9th Cir.1992) (slaps to the head which caused pain for 24 hours is a type of injury "for which medical attention ordinarily would be sought"). The victim in fact did require medical attention--both from the paramedics and his personal physician.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously agrees that this case is appropriate for submission without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3