19 F.3d 32
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Tracey Scott WALLS, Defendant-Appellant.
 No. 93-30278.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 11, 1994.
 
 MEMORANDUM**
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 Tracy Scott Walls appeals his 63-month sentence imposed following his guilty plea to unarmed bank robbery in violation of 18 U.S.C. Sec. 2113(a). Walls contends the district court erred by imposing a three-level upward adjustment to his base offense level pursuant to U.S.S.G. Sec. 2B3.1(b)(2)(E) for displaying a dangerous weapon during the robbery. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 2
 We review for clear error the sentencing court's finding that Walls displayed a dangerous weapon, see United States v. Taylor, 960 F.2d 115, 116 (9th Cir.1992), and accord special deference to a trial court's credibility findings, United States v. Ramos, 923 F.2d 1346, 1356 (9th Cir.1991). A defendant's offense level for robbery is increased if the defendant brandished or displayed an object that appeared to be a dangerous weapon, regardless of whether the defendant actually possessed a dangerous weapon. Taylor, 960 F.2d at 116; see U.S.S.G. Sec. 2B3.1, comment. (n. 2).
 
 
 3
 Here, Walls gave the victim bank teller a demand note stating: "I have a loaded gun. Fill up the bag or else." According to the presentence report, the teller reported that Walls pulled a gun out of his right jacket pocket and showed it to her before putting it back in his pocket. At the sentencing hearing, the teller testified that she saw Walls point a gun at her at the beginning of the robbery. Walls denied that he was armed, and pointed out that no weapon had been found. The district court found "that there was a gun present. I do this on the basis of the extremely positive testimony of the teller as to the ... disclosure of the gun butt, and its color and that she was sure that she saw a gun."
 
 
 4
 In light of Walls' demand note stating that he had a gun and the teller's testimony, the court's finding is not clearly erroneous. See Taylor, 960 F.2d at 116. Accordingly, the district court did not err by imposing a three-level adjustment for displaying a dangerous weapon.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3