53 F.3d 340
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Kristian LUCKETT, aka Kenneth Clark, Defendant-Appellant.
 No. 94-30263.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 19, 1995.*
Decided May 5, 1995.
 
 Before: BROWNING, SNEED, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Kristian Luckett appeals his 144-month sentence imposed following the entry of guilty pleas to armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d), and use of a firearm during a crime of violence in violation of 18 U.S.C. Sec. 924(c). Luckett contends that: (1) the government violated the plea agreement by arguing for sentence enhancement based on reckless endangerment; (2) the district court erred by failing to depart downward based on the inherent racial bias of the Sentencing Guidelines; (3) the imposition of enhancements for both physical restraint and for bodily injury constitutes double counting; and (4) the district court's imposition of a consecutive sentence pursuant to 18 U.S.C. Sec. 924(c) violates the double jeopardy clause. We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Plea Agreement
 
 
 4
 Luckett contends that the government breached the plea agreement by arguing for sentencing enhancement based on reckless endangerment.[1] Absent certain narrow circumstances, a defendant must raise the issue of an alleged breach of the plea agreement in district court in order to preserve the issue on appeal. See United States v. Flores-Payon, 942 F.2d 556, 558 (9th Cir.1991).
 
 
 5
 Here, Luckett's signed plea agreement was silent regarding an enhancement based on reckless endangerment. The PSR recommended the enhancement due to Luckett's behavior during the attempted escape. At the sentencing hearing, Luckett's counsel objected to the government's evidence regarding Luckett's role in the escape, arguing that the government could not present evidence in support of a reckless endangerment enhancement because it was not mentioned in the plea agreement.
 
 
 6
 Luckett, however, did not allege that the government breached the plea agreement, nor did he request an evidentiary hearing on the matter, or an opportunity to withdraw his guilty plea. Accordingly, we hold that Luckett waived his breach of the plea agreement claim by failing to have the district court address it in the first instance. See id. at 560.
 
 II
 Downward Departure
 
 7
 This court lacks jurisdiction to review a district court's discretionary decision not to depart from the guidelines. United States v. Morales, 972 F.2d 1007, 1011 (9th Cir.1992), cert. denied, 113 S.Ct. 1665 (1993); see also United States v. Robinson, 958 F.2d 268, 272 (9th Cir.1992). The district court's refusal to depart downward is only reviewable when the court has indicated that it lacks authority to depart. See United States v. Brown, 985 F.2d 478, 480 (9th Cir.1993).
 
 
 8
 Here, Luckett asked the court to depart downward based on racial disparity inherent in the bank robbery provisions of the Sentencing Guidelines.[2] At sentencing, defense counsel referred to a study which reported racial biases and disparity under the Guidelines, and stated that Luckett would have received a shorter sentence for bank robbery if he was white. When the court asked defense counsel how racial bias had affected Luckett's sentence, counsel stated that the court had not shown any bias towards Luckett, and that it was more of a general concern. In its findings of fact order, the court rejected the request for a downward departure based on racial bias, noting:
 
 
 9
 [T]here was no evidence of racial imbalance in local sentencing of African-Americans and Caucasian[s] convicted of bank robbery. Accordingly, in the exercise of its discretion, the court found that departure was not warranted.
 
 
 10
 Thus, the record clearly reflects that the court exercised its discretion in choosing not to depart, and the decision is therefore unreviewable. See Morales, 972 F.2d at 1011; Robinson, 958 F.2d at 272.
 
 III
 Double Counting
 
 11
 We review de novo a district court's interpretation of the Sentencing Guidelines. United States v. Foppe, 993 F.2d 1444, 1452 (9th Cir.), cert. denied, 114 S.Ct. 615 (1993).
 
 
 12
 Luckett challenges the district court's imposition of two distinct sentence enhancements as unconstitutionally duplicative, punishing him twice for the same conduct. He contends that enhancements for the use of physical restraint and for imposition of bodily injury constitutes double counting.
 
 
 13
 "[I]mpermissible double counting ... occurs where one part of the Guidelines is applied to increase a defendant's punishment on account of a kind of harm that has already been fully accounted for by the application of another part of the Guidelines." United States v. Reese, 2 F.3d 870, 895 (9th Cir.1993), cert. denied, 114 S.Ct. 928 (1994).
 
 
 14
 Under the plain language of the Guidelines, enhancements within a subsection are to be applied cumulatively if the specific offense characteristics are met. See U.S.S.G. Sec. 1B1.1, comment. (n. 4). The Specific Offense Characteristics for Bank Robbery provide for a two-level increase in the defendant's base offense level if any victim sustained bodily injury. See U.S.S.G. Sec. 2B3.1(b)(3)(A). Another subsection provides for a two-level enhancement if any person was "physically restrained" in order to facilitate the bank robbery. See U.S.S.G. Sec. 2B3.1(b)(4)(B).
 
 
 15
 Here, the court considered separate actions by Luckett and his codefendants in finding the bases for physical injury and for physical restraint. It was undisputed that Luckett kicked and stood on one of the tellers during the robbery. Based on the teller's testimony that these actions were painful, the court found that Luckett had inflicted bodily injury during the commission of the bank robbery,[3] which resulted in a two-level enhancement under U.S.S.G. Sec. 2B3.1(b)(3)(A).
 
 
 16
 In addition, the court found that an enhancement for physical restraint was warranted because Luckett could have reasonably foreseen his codefendant's use of restraint upon one of the tellers. Shortly after entering the bank, Luckett's codefendant Williams discovered a teller in an upstairs room telephoning for help. He pointed a gun at her head and said, "hang up that phone." He then grabbed the teller's hand and forced her down the stairs. When they reached the bottom, Williams jerked the teller's hand hard enough to throw her to the ground.
 
 
 17
 The court properly applied cumulative enhancements for physical restraint and for bodily injury. See U.S.S.G. Sec. 1B1.1, comment. (n. 4). Accordingly, the court did not engage in double counting. See Reese, 2 F.3d at 896.
 
 IV
 Double Jeopardy
 
 18
 Luckett argues that the imposition of a 60-month mandatory maximum sentence pursuant to 18 U.S.C. Sec. 924(c) in addition to the 84-month sentence for his armed robbery conviction violates the double jeopardy clause. This argument is foreclosed by United States v. Cannizzaro, 871 F.2d 809, 810 (9th Cir.) ("Congress intended those convicted of violating both Sec. 924(c) and Sec. 2113(d) to receive cumulative sentences."), cert. denied, 493 U.S. 895 (1989); see also United States v. Browne, 829 F.2d 760, 766 (9th Cir.1987) (imposition of consecutive sentences for violations of Secs. 2113 and 924(c) does not implicate double jeopardy clause), cert. denied, 485 U.S. 991 (1988). Accordingly, Luckett's argument must fail.
 
 
 19
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 A two-level upward adjustment is warranted if the court finds that the defendant recklessly created a substantial risk of death or bodily injury to another person by fleeing from a law enforcement officer. See U.S.S.G. Sec. 3C1.2
 
 
 [2]
 We have previously rejected a similar argument regarding the disparate sentences imposed for offenses involving crack cocaine versus powder cocaine, and its impact on African-Americans. See United States v. Coleman, 24 F.3d 37, 38 (9th Cir.), cert. denied, 115 S.Ct. 261 (1994)
 
 
 [3]
 The district court's finding that the teller sustained bodily injury was not clearly erroneous. See United States v. Greene, 964 F.2d 911, 912 (9th Cir.1992) (defendant's slapping of a bank teller constitutes "bodily injury" under Secs. 2B3.1(b)(3)(A) and 1B1.1, comment. (n. 1(b))