132 F.3d 37
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of AMERICA, Plaintiff/Appellee,
v.
David Mark BREESE, Defendant/Appellant.
 No. 97-2312.
 United States Court of Appeals, Seventh Circuit.
 Argued Nov. 13, 1997.
Decided December 8, 1997.
 
 Appeal from the United States District Court for the Northern District of Illinois, Eastern Division, No. 96 CR 698; Ruben Castillo, Judge.
 Before ESCHBACH, RIPPLE, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 David Breese robbed a bank, during the course of which he displayed an object to the teller that apeared to be the barrel of a gun protruding from his pocket. On appeal, he challenges the three-level sentencing enhancement he received under the Sentencing Guidelines for brandishing, displaying or possessing an object that appeared to be a dangerous weapon during a robbery. See U.S.S.G. § 2B3.1(b)(2)(E) & comment. (n. 2) (1996). We affirm.
 
 
 2
 On October 29, 1996, David Breese robbed the Firstar Bank in Northlake, Illinois. He handed the teller a withdrawal slip on which he had written, "Do not push the alarm and you won't be killed, I have a gun." In a statement to the FBI, the teller later recalled that she had read no farther than Breese's instruction not to push the alarm before he interrupted, "Don't push the alarm. I want $2000. That's all I want. No small bills." The teller looked at Breese, who, she said, "pulled his jacket open ... and exposed the barrel of a gun." The teller put $1380 in cash on the counter; Breese picked up the money and left.
 
 
 3
 Breese was subsequently arrested and pleaded guilty to a single count of bank robbery, a violation of 18 U.S C. § 2113(a). The FBI interview report recounts that Breese, when asked about whether he used a gun during the robbery, explained that he had used a "crack pipe" (a device for smoking cocaine base) to create the perception that he had a gun, and "gestured like he had a gun by putting his hand in his pocket and sticking the end of his crack pipe out facing the teller." The plea agreement which Breese entered likewise states that he "put his hand in his pocket to suggest that he was carrying a gun, and displayed the end of his crack pipe facing the teller." At sentencing, the district court examined the evidence, finding that the object Breese brandished or displayed appeared to the teller to be a dangerous weapon, and that Breese intended to create this effect. The district court concluded that Breese's conduct fell within the arc of conduct encompassed by the Guidelines, and applied a three-level sentencing enhancement pursuant to U.S.S.G. § 2B3. 1(b)(2)(E) & comment. (n. 2).
 
 
 4
 Breese does not contest the district court's findings of fact. Rather, he argues that the district court misinterpreted the Sentencing Guidelines, a question of law which we review de novo. See United States v. Purchess, 107 F.3d 1261, 1265-66 (7th Cir.1997). He contends that the enhancement he received was inapt because "he possessed neither a dangerous weapon nor an object that resembled a dangerous weapon." The thrust of his argument is that an object cannot "appear to be" a dangerous weapon for enhancement purposes, despite his attempt to make it appear so, unless the object itself resembles a dangerous weapon. Under the Sentencing Guidelines, a three-level sentencing enhancement is applied "if a dangerous weapon was brandished, displayed, or possessed" during the course of a robbery. U.S.S.G. § 2B3.1(b)(2)(E). The Commentary and Application Instructions further explain, "When an object that appeared to be a dangerous weapon was brandished, displayed or possessed, treat the object as a dangerous weapon for purposes of subsection (b)(2)(E)." Id. at § 2B3.1, comment. (n. 2.) (1996); see also U.S.S.G. § 1B1.1, comment. (n. 1(d)) (1996).
 
 
 5
 Breese's claim that the object in its entirety must appear to be a dangerous weapon for the enhancement to apply is unsupported by any authority. See, e.g.,nited States v. Gordon, 64 F.3d 281, 282 (7th Cir.1995) (metal pipe appeared to be a gun, where issue on appeal concerned statutory enhancement for discharge of firearm during the course of a robbery); United States v. Dixon, 982 F.2d 116 (6th Cir.1992) (defendant brandished towel-draped hand); United States v. Hawkins, No. 93-221-01, 1996 WL 502199 (E.D.Pa. Aug. 27, 1996) (police scanner looked like a gun). Under Breese's interpretation, unless he possesses an object that appears to be a dangerous weapon (a toy gun or replica), it cannot be displayed for enhancement purposes so as to create the appearance of dangerous weapon. Not only does he conflate the "displayed" and "possessed" elements of the Guideline, compare Dixon, 982 F.2d at 124 ("Even though [the defendant] did not possess an actual weapon, her actions created a reasonable belief that she had a gun."), with United States v. Shores, 966 F.2d 1383 (11th Cir.1992) (defendant who possessed toy gun arrested before entering bank, so that the toy was never displayed or brandished), Breese's argument sidesteps his intentional creation of the illusion that he was armed, a significant factor in subsection 2B3.1(b)(2)(E) analysis. See United States v. Vincent, 121 F.3d 1451, 1454-56 (11th Cir.1997); Dixon, 982 F.2d at 122, 124; United States v. Taylor, 960 F.2d 115, 116 (9th Cir.1992).
 
 
 6
 Breese argues vigorously that application of the Guideline enhancement is inappropriate based on the teller's "subjective" belief that he was armed. The relevant question is not, however, whether the victim's belief is subjective but whether that belief is reasonable. See, e.g., Vincent, 121 F.3d at 1454-56; United States v. Koonce, 991 F.2d 693, 695 (11th Cir.1993); Dixon, 982 F.2d at 121, 124; Taylor, 960 F.2d at 116. Based on the evidence before the district court, the teller's belief that Breese was armed was eminently reasonable.
 
 
 7
 Though Breese raises a number of other arguments, the main effect of which is to obscure the proper scope and application of subsection 2B3.1(b)(2)(E), they do not warrant additional comment. The district court's analysis of U.S.S.G. § 2B3.1(b)(2)(E) is in accord with those of other courts that have applied the Guideline.
 
 
 8
 AFFIRMED.