132 F.3d 41
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Refiloe KHALI, Defendant-Appellant.
 No. 95-10338.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 10, 1997.
Decided Dec. 8, 1997.
 
 Appeal from the United States District Court for the Northern District of California, D.C. No. CR-95-40020-CW; Claudia Wilken, District Judge, Presiding.
 Before FLETCHER, WIGGINS, RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Refiloe Khali appeals his convictions for bank robbery ani conspiracy to commit bank robbery as well as his 72 month prison sentence. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we affirm.
 
 I.
 
 3
 Appellant Khali first argues that the district court abused its discretion when it prevented Khali's counsel from examining Officer Daniel Wolke as an expert witness. Wolke had testified for the prosecution about the details of the line-up procedure.
 
 
 4
 This court reviews the district court's exclusion of expert testimony for an abuse of discretion. See United States v. Amador-Galvan, 9 F.3d 1414, 1417 (9th Cir.1993). Khali did not follow the usual procedure--a motion for a court order--for presenting expert testimony on the subject of eyewitness identification; instead, he tried to cross-examine as an expert the police officer who testified about the line-up procedures. In these circumstances, the district court did not abuse its discretion by not allowing the testimony. The record does not indicate that Officer Wolke had any scientific knowledge to offer regarding eyewitness identification. The district court correctly foreclosed Khali from attempting to use Officer Wolke to do what should have been done with a properly introduced expert witness.
 
 II.
 
 5
 Khali claims that the district court violated his Sixth Amendment right to conflict-free counsel by refusing to appoint him substitute counsel for the sentencing hearing and new motion proceedings even though Khali had made a motion for a new trial on the basis of ineffective assistance of counsel. Khali claims that his allegations of ineffective assistance created an actual conflict of interest between himself and his attorney, Martinez.
 
 
 6
 The district court refused to hold an evidentiary hearing on Khali's motion for a new trial. This decision is reviewed for an abuse of discretion. See United States v. Del Muro, 87 F.3d 1078, 1080 n. 3 (9th Cir.1996). The district court did not abuse its discretion. Khali's allegations of ineffective assistance of counsel were entirely conclusory.
 
 
 7
 Given that the district court considered Khali's allegations of ineffective assistance of counsel insufficiently serious to merit an evidentiary hearing and did not abuse its discretion in refusing to hold an evidentiary hearing on the issue, Khali's Sixth Amendment right to counsel was not violated by the court's decision not to appoint substitute counsel.
 
 III.
 
 8
 Finally, Appellant Khali claims that the district court erred when it imposed a three-level enhancement for "brandishing, displaying or possessing" a dangerous weapon during a robbery pursuant to U.S.S.G. § 2B3.1(b)(2)(A). The district court's factual finding behind a sentencing guidelines enhancement is reviewed for clear error. See United States v. Salemo, 81 F.3d 1453, 1463 (9th Cir.1996), cert. denied, 117 S.Ct. 436 (1996).
 
 
 9
 The district court did not clearly err when it found that Khali displayed a dangerous object during the November 23 robbery. Khali possessed an object that appeared to be dangerous and he presented a demand note stating that "This can get very ugly!," while his accomplice presented a demand note stating that they had explosives. Taken together, these facts are enough to support the dangerous weapon finding. See United States v. Taylor, 960 F.2d 115, 116 (9th Cir.1992) (holding that the defendant's display of what looked like a gun under his shirt and presentation of a note stating that he had a gun were sufficient to support the enhancement, even if was not a gun). The testimony of the teller-victims indicates that Khali was holding something that looked like binoculars or a barbell collar, items that could appear to be dangerous. The district court had the opportunity to view the surveillance photos showing the object in Khali's hand. The district court's finding was not in clear error.
 
 
 10
 The convictions and sentence are AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3