BECHTLE, Senior District Judge,
dissenting:
As set forth in the majority opinion, Bates was sentenced to 78 months imprisonment after pleading guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). I join my colleagues in affirming the district court’s imposition of the two level enhancement of Bates’s sentence pursuant to U.S.S.G. § 2B3.1(b)(5) for carjacking during the commission of a robbery and in remanding the case to the district court to correct the written judgment to accord with the oral pronouncement of sentence. However, I find myself having to disagree with my colleagues regarding the feature of this appeal that addresses the district court’s imposition of a three level enhancement of Bates’s sentence pursuant to U.S.S.G. § 2B3.1(b)(2)(E).
It is undisputed that Bates should have received at least a two level enhancement *1341 of his sentence pursuant to U.S.S.G. § 2B3.1(b)(2)(F) because he made a threat to the bank teller. It is also undisputed that Bates did not have an object in his possession or under his control which was either “brandished, displayed, or possessed.” U.S.S.G. § 2B3.1(b)(2)(E). In my view, U.S.S.G. § 2B3.1(b)(2)(E) and the decisions interpreting this section require the presence of some object that can be perceived as a weapon. See United States v. Vincent, 121 F.3d 1451, 1455 (11th Cir.1997) (“[W]e hold that a 3 level enhancement is proper when a robber uses a finger or some other hard object to cause the victim to believe that it is a dangerous weapon.”) (emphasis added).
All the decisions relied upon by the majority are cohesive in their application of U.S.S.G. § 2B3.1(b)(2)(E) in that the defendant employed an inanimate object in the commission of the crime. See United States v. Woods, 127 F.3d 990 (11th Cir.1997) (affirming enhancement where “victim reported having an object placed in her side during the robbery and perceiving that object to be a weapon”); Vincent, 121 F.3d at 1454-55 (same); United States v. Shores, 966 F.2d 1383, 1387-88 (11th Cir.1992) (affirming enhancement where defendant possessed toy gun); United States v. Dixon, 982 F.2d 116, 122 (3d Cir.1992) (affirming enhancement where defendant used hand covered by towel which appeared to be gun). Recently, this circuit restated the primary importance of an object in imposing an enhancement under U.S.S.G. § 2B3.1(b)(2)(E): “[bjased on the plain language of this commentary [to the Guideline], we have recognized that objects which appear to be dangerous weapons should be treated for sentencing as if they actually were dangerous weapons.” United States v. Miller, 206 F.3d 1051, 1052 (11th Cir.2000) (emphasis added) (citing cases).
The legislature drew the line for the imposition of the enhancement under U.S.S.G. § 2B3.1(b)(2)(E) at the point where the evidence demonstrated that the perpetrator possessed a weapon or an object. Of all the cases that have spoken to this issue, the Third Circuit’s decision in United States v. Dixon is the one that goes up to that line but not across it.[1] By upholding the three level enhancement based on the record in this case, the majority crosses that line.[2] The mistake that *1342 I think is being made here by the majority is that they are reading into U.S.S.G. § 2B3.1(b)(2)(E) the notion that whether or not the perpetrator possessed a weapon should be determined from the vantage point of the subjective belief of the victim rather than from the vantage point of an objective assessment of the evidence associated with the defendant.[3] See, e.g., United States v. Woodard, 24 F.3d 872, 874 (6th Cir.1994) (applying objective standard in determining whether defendant appeared to possess dangerous weapon). Neither the language of the statute nor the reasoning of the decisions support the majority’s view. I respectfully dissent.

. In Dixon, the Third Circuit addressed the argument regarding the requirement of some object in order to impose a three level enhancement under U.S.S.G. § 2B3.1(b)(2)(E):
Because [Dixon's aider and abettor] did not possess any "object” other than the towel concealing her hand, Dixon asserts that she could not possibly have "brandished, displayed, or possessed” an "object that appeared to be a dangerous weapon.” Dixon’s argument is unavailing. [Dixon’s aider and abettor’s] hand is an object. Concealed by the towel and pointed around the bank, it fooled the bank tellers into thinking she had a dangerous weapon. The object that was her hand, together with the object covering it, the towel, appeared to them to be a weapon.
982 F.2d at 122. Unlike the situation in Dixon, there is nothing in the instant record that suggests that when Bates reached into his pants waistband, his pants waistband area objectively appeared to have a weapon or object that appeared to be a weapon stored therein. Rather, the instant record contains only evidence of Bates’s reaching into his pants waistband, coupled with the bank teller’s subjective belief that Bates was reaching for a gun.

. It could not be seriously contended that in order for a two level enhancement to stand under U.S.S.G. § 2B3.1(b)(2)(F) for threat of death, that the victim’s subjective belief that such a threat was made, when in fact, the evidence shows that no threat was made, would support such an enhancement. A three level enhancement under U.S.S.G. § 2B3.1(b)(2)(E) should be no different. A perception by the victim that the perpetrator possessed a weapon or object should not support an enhancement if, in fact, the evidence shows that' the perpetrator had no weapon or object.

. In United States v. Taylor, the defendant handed the bank teller a note stating that this was a holdup and that he had a gun in the waistband of his pants. United States v. Taylor, 960 F.2d 115, 116 (9th Cir.1992). The defendant pulled up his shirt, revealing a T-shirt. Id. Then, the defendant pulled his T-shirt tightly, such that the teller "saw the clear outline of a gun handle.” Id. The Ninth Circuit upheld an enhancement under the Guideline. Id. Taylor is instructive in that it reveals what is missing from the instant record in order to uphold an enhancement under U.S.S.G. § 2B3.1(b)(2)(E). In Taylor, the bank teller viewed the clear outline of an object which appeared to be a gun handle. 960 F.2d at 116. In the instant matter, the bank teller was only "fearful” that Bates was reaching for a gun.
*1342 I agree with the majority that where a vic-1im never saw a dangerous object, a three level enhancement may still be imposed because "the definition of ‘possess’ does not require an object to be visible in order to be possessed." Vincent, 121 F.3d at 1455 (citing United States v. Johnson, 37 F.3d 1352, 1354 (9th Cir.1994)). My disagreement with the majority is that whether or not the dangerous object is actually perceived by the victim, U.S.S.G. § 2B3.1(b)(2)(E) still requires the presence of some object which has the objective appearance of a dangerous weapon.