**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Roger MICHAEL, Defendant–
Appellant.**

**No. 99–10365.**

United States Court of Appeals,
Ninth Circuit.

Submitted June 15, 2000 *

Filed Aug. 17, 2000

John J. Graves, Jr., Las Vegas, Nevada, for the defendant-appellant.

Matthew A. Parrella, Assistant United States Attorney, Las Vegas, Nevada, for the plaintiff-appellee.

Before: LAY,** D.W. NELSON, and THOMAS, Circuit Judges.

---

* The panel unanimously finds this case suitable for submission without oral argument pursuant to Federal Rule of Appellate Procedure 34(a)(2).

** The Honorable Donald P. Lay, Senior United States Circuit Judge for the United States Court of Appeals, Eighth Circuit, sitting by designation.

**1076**

D.W. NELSON, Circuit Judge:

Roger Michael plead guilty to counterfeiting and forging obligations or securities of the United States in violation of 18 U.S.C. § 471 (2000). In sentencing Michael, the district court applied a two level enhancement for possession of a dangerous weapon in connection with the offense. *See* U.S.S.G. § 2B5.1(b)(3) (1998). We affirm.

■ A weapon is considered to be dangerous within the meaning of the Sentencing Guidelines if "capable of inflicting death or serious bodily injury." U.S.S.G. § 1B1.1, App. Note 1(d). Objects that only appear to be dangerous also qualify if "brandished, displayed, or possessed." *Id.* Michael, in attempting to escape arrest for selling counterfeit money, climbed into the passenger side of an occupied Toyota pickup truck and yelled to the 62–year old driver "[g]et me out of here and I will give you $5,000." When the driver refused, Michael stuck a black object which he claimed was a gun into the man's back and ordered him to get out of the car. At the same time as the driver started to grab for the object, government agents approached the vehicle with their weapons drawn and took Michael into custody. The agents later determined that the black object was a cellular phone.

The issue posed here, of whether a cellular phone can qualify as a dangerous weapon when represented by the defendant to be a gun, is one of first impression for our court. We have, however, developed an analytical framework for evaluating this question in determining that a toy gun, *see United States v. Faulkner,* 952 F.2d 1066, 1073 (9th Cir.1991), a road flare, *see United States v. Boyd,* 924 F.2d 945, 947 (9th Cir.1991), and a pellet gun, *see United States v. Smith,* 905 F.2d 1296, 1300 (9th Cir.1990), are dangerous weapons as construed within the meaning of the Sentencing Guidelines. Most significantly, we have determined that whether an object constitutes a dangerous weapon depends more on the object's ability to incite fear and violence because it appears to be dangerous than on its latent capability. *See United States v. Taylor,* 960 F.2d 115, 116 (9th Cir.1992) (finding it irrelevant whether the defendant possessed a functioning firearm where he stated he had a gun and the victims reasonably believed that he was armed); *Boyd,* 924 F.2d at 947–48 (disregarding whether a road flare was inherently dangerous and focusing instead on its effect on victims, bystanders, and law enforcement).

Here, Michael stuck the cellular phone into the truck owner's back and declared that he was holding a gun. He thereby invited the truck owner's attempt to wrestle for the object and facilitated the likelihood of other violent responses. *See also Smith,* 905 F.2d at 1300 (determining that the display of an inoperable gun instills fear in the average citizen and establishes the prospect of an immediate, violent response). Michael's brandishing of the phone and the ensuing struggle, moreover, created the possibility that the government agents pursuing him would respond with deadly force. *See United States v. Martinez–Jimenez,* 864 F.2d 664, 666–67 (9th Cir.1989) (finding that the use of a toy gun during a bank robbery invited the police to respond with violence). By intentionally creating the appearance that he was armed and by thereby inciting fear and the potential for violence on the part of the truck's owner and federal agents, Michael rendered his cellular phone into a dangerous weapon within the meaning of the Sentencing Guidelines.

■ In addition, we find that Michael possessed the cellular phone in connection with the counterfeiting offense. The term "offense" includes "all acts and omissions committed ... or willfully caused by the defendant; ... that occurred during the commission of the offense of conviction, in preparation for that offense, *or in the course of attempting to avoid detection or responsibility for that offense.*" U.S.S.G. § 1B1.3(a)(1)(A) (emphasis added). In this case, Michael pretended that his cellular phone was a gun in his efforts to run

from law enforcement and evade arrest for counterfeiting. Michael's use of the phone was therefore in connection with the offense for which he was convicted and the district court judge was correct to apply a two level sentence enhancement under § 2B5.1(b)(3).

**AFFIRMED.**