**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Jeffrey Scott MCOWENS, Defendant—Appellant.**

**No. 02–10441.**

**D.C. No. CR–02–00032–1–RLH.**

United States Court of Appeals, Ninth Circuit.

Submitted March 6, 2003.*

Decided April 14, 2003.

Before CHOY, SNEED, and SKOPIL, Circuit Judges.

**MEMORANDUM****

Jeffrey Scott McOwens appeals his seven-eight month sentence following his guilty plea to armed bank robbery in violation of 18 U.S.C. § 2113(a) & (d). McOwens argues that the district court erred by increasing his sentence based on a "bodily injury" allegedly suffered by a bank teller during the commission of the robbery. We have jurisdiction pursuant to 18 U.S.C. § 3742, and we vacate and remand for resentencing.

**DISCUSSION**

The Guidelines provide for a two-level increase in a defendant's offense level if any victim sustained "bodily injury" during the commission of the robbery. U.S.S.G.

§ 2B3.1(b)(3)(A). Bodily injury is defined as "any significant injury, *e.g.,* any injury that is painful and obvious, or is of a type for which medical attention ordinarily would be sought." U.S.S.G. § 1B1.1, cmt. (n.1(b)). In *United States v. Greene,* 964 F.2d 911 (9th Cir.1992), we affirmed a two-level enhancement for bodily injury where a victim bank teller was slapped in the face. We focused upon the nature and extent of the teller's injury rather than the conduct of the defendant. *Id.* at 912. We concluded that the teller suffered bodily injury because she indicated she suffered pain for a week, her face was red and swollen, and the defendant's handprint was visible on her skin. *Id.*

While the district court found that McOwens struck one of the bank tellers on the back of her head with a BB gun wrapped in duct tape, this finding supported the court's conclusion that the defendant was subject to a four-level enhancement for using a dangerous weapon in the course of the robbery. This finding does not, however, address the impact on the victim. The teller's own written statement says nothing about the extent of any injury or whether she suffered any lasting effects or pain from the incident. While being hit on the back of the head with a BB gun might result in a significant injury, it is also possible that such conduct would produce no injury or only an insignificant one. The record is silent as to whether the victim suffered a "bodily injury," as defined by the Guidelines.

Federal Rule of Criminal Procedure 32(c)(1) provides in pertinent part that "[f]or each matter controverted, the court must make either a finding on the allega-

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

tion or a determination that no finding is necessary because the controverted matter will not be taken into account in, or will not affect, sentencing." For contested issues, such findings must be explicit. *United States v. Carter*, 219 F.3d 863, 867 (9th Cir.2000). "If the district court fails to make the required Rule 32 findings or determinations at the time of sentencing, the sentence must be vacated and the defendant resentenced." *United States v. Herrera–Rojas*, 243 F.3d 1139, 1142 (9th Cir.2001) (citations and quotation marks omitted). Accordingly, we vacate McOwen's sentence and remand for resentencing.

**VACATED and REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Fink's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.