**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Sofi Darrell DONAT, Defendant—
Appellant.**

**No. 03–10620.**

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 7, 2004.*

Submission Vacated and Deferred
Oct. 14, 2004.

Resubmitted June 10, 2005.

Decided June 10, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Karyn Kenny, Esq., Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff-Appellee.

John P. Mcnicholas, Esq., Las Vegas, NV, for Defendant-Appellant.

Before: RYMER, TALLMAN, and BEA, Circuit Judges.

MEMORANDUM **

Sofi Darrell Donat appeals his sentence of one hundred eighty-nine months imprisonment following his guilty plea for conspiracy, 18 U.S.C. § 371, interstate transportation of stolen property, 18 U.S.C § 2314, and interference with commerce by threats or violence, 18 U.S.C. § 1951. We have jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742. We address the sentencing issues Donat raised on appeal before us, but we remand in accordance with *United States v. Ameline*, No. 02–30326, 2005 WL 1291977 at *11 (9th Cir. June 1, 2005) (en banc).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**52**

■ The district court did not clearly err in finding that the government proved by clear and convincing evidence that the amount of loss suffered exceeded $800,000 based on testimony of the probation officer who prepared the presentence report and calculated the loss, and statements from the insurance company documenting the settlement and payment amount for the robbery in excess of $1,000,000. *See* U.S.S.G. § 2B3.1(b)(7)(E); 18 U.S.C. § 3742(e). The district court did not abuse its discretion in determining that the best evidence rule did not preclude admitting the insurance letters because duplicates of the documents were presented to the court and the probation officer had the originals in his possession. *See United States v. Bennett*, 363 F.3d 947, 952–53 (9th Cir.2004); Fed.R.Evid. 1002, 1003, 1004.

■ The district court did not abuse its discretion in refusing to accept Dr. Rhodes as an expert on stun guns because Dr. Rhodes had no specific expertise in the effects of stun guns on the human body or whether a stun gun is a dangerous weapon, and Dr. Rhodes's knowledge about stun guns was based on reading articles on the dangers of stun guns and a survey of materials from stun gun manufacturers. *See* Fed.R.Evid. 702; *United States v. Abonce–Barrera*, 257 F.3d 959, 964 (9th Cir.2001).

■ The district court correctly determined that a dangerous weapon was used in the commission of the offense. U.S.S.G. § 2B3.1(b)(2)(D). The evidence demonstrated that Donat's use of the stun gun created the impression that the object could inflict death or serious bodily injury to the employees, and in fact caused serious physical injuries, including burns to the skin, the loss of consciousness, and permanent damage to one of the victims' ears. The stun gun, the BB gun, and the duct tape over the mouth of one of the victims, which prevented and limited his ability to breathe, were dangerous weapons as used in this case. *See United States v. Taylor*, 960 F.2d 115, 116 (9th Cir.1992); U.S.S.G. § 1B1.1 cmt. n. 1(d) (defining "dangerous weapon").

■ The district court did not err in denying Donat a three point reduction for acceptance of responsibility because Donat did not provide timely information concerning his own involvement in the case and did not timely notify authorities of his intention to enter a plea of guilty that would have permitted the government to avoid preparing for trial. *See* U.S.S.G. § 3E1.1(b); *United States v. Scrivener*, 189 F.3d 944 (9th Cir.1999).

■ The district court acknowledged its authority to depart; its decision not to depart downward is not reviewable. *See United States v. Smith*, 330 F.3d 1209, 1212 (9th Cir.2003); *United States v. Caperna*, 251 F.3d 827, 831–32 (9th Cir.2001).

■ The district court did not err in not finding that Donat was not a minor participant because Donat received the same amount of money as all the co-conspirators (except one who received less), was involved in purchasing the weapons, used violence on the victims, and had a substantial role in the offense. The district court's statement that Donat was not substantially less culpable than the average participant was correct. *See* U.S.S.G. § 3B1.2(b) & cmt. n. 3(A), 5.

Because Donat did not challenge his sentence on Sixth Amendment grounds in the district court, we grant a limited remand pursuant to *United States v. Ameline*, No. 02–30326, 2005 WL 1291977 at *11 (9th Cir. June 1, 2005) (en banc).

REMANDED.