**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

AUG 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-30088 |
| Plaintiff-Appellee, | D.C. No. 3:11-cr-00074-TMB-1 |
| v. | |
| GERARDO ADAM CAZAREZ VALENZUELA, AKA Gary Cazarez, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, Chief District Judge, Presiding

Submitted August 10, 2020[**]
Anchorage, Alaska

Before: RAWLINSON, MURGUIA, and R. NELSON, Circuit Judges.

Defendant Gerardo Adam Cazarez Valenzuela ("Valenzuela") pleaded guilty

to theft of bank funds in violation of 18 U.S.C. § 656. The district court applied a

two-level sentence enhancement under section 2B1.1(b)(16)(B) of the United

States Sentencing Guidelines (U.S.S.G.) for "possession of a dangerous weapon

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(including a firearm) in connection with the offense." Valenzuela now appeals, contending the enhancement does not apply because he did not physically possess a firearm while removing cash from the bank. Because the parties are familiar with the facts, we will not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

"[A] district court's application of the Sentencing Guidelines to the facts of a given case should be reviewed for abuse of discretion." *United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017). The relevant facts (that Valenzuela made a request for a firearm in advance of the theft, subsequently obtained the firearm within six hours of the theft, and took that firearm with him as he drove $4.3 million in stolen cash to Mexico) are not in dispute. Therefore, this court must only consider whether the district court abused its discretion in determining that the firearm was possessed "in connection with the offense." U.S.S.G. § 2B1.1(b)(16)(B); *Gasca-Ruiz*, 852 F.3d at 1170.

The defendant argues his possession of the firearm was not "in connection with the offense" because he did not possess it during the theft itself. Not so. U.S.S.G. § 1B1.3(a)(1)(A) provides that the enhancement applies to "all acts and omissions committed . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." The enhancement is thus appropriate

when a defendant uses a firearm in "efforts to … evade arrest." *United States v. Michael*, 220 F.3d 1075, 1076–77 (9th Cir. 2000) (applying sentencing enhancement where defendant feigned possession of a firearm while fleeing after the offense).

Valenzuela's arguments to the contrary fail. That Valenzuela served time for separate offenses in Mexico does not preclude the district court's finding that the firearm was possessed in connection with the offense committed in the United States. And the continuing offense doctrine generally applies to statutes of limitations, not whether to apply a sentence enhancement. *See Toussie v. United States*, 397 U.S. 112, 115 (1970), *superseded by statute on other grounds*. Finally, the defendant argues in his Reply Brief that the district court did not make a factual determination that he possessed the firearm in the course of attempting to avoid detection or responsibility for the theft. Because this argument was raised for the first time in the Reply Brief, it is waived. *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Because the district court properly exercised its discretion in applying the sentence enhancement to the undisputed facts of the case, the judgment is

**AFFIRMED.**

3