**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Scott David UPSHAW, Defendant–Appellant.**

**No. 99–10381.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 2000.

Filed Oct. 2, 2000.

Patrick E. McGillicuddy, Phoenix, Arizona, for the defendant-appellant.

Joseph J. Lodge, Assistant United States Attorney, Phoenix, Arizona, for the plaintiff-appellee.

Before: THOMPSON, T.G. NELSON, and SILVERMAN, Circuit Judges.

PER CURIAM:

Scott David Upshaw pleaded guilty to one count of assault resulting in serious bodily injury in violation of 18 U.S.C. §§ 1153 and 113(a)(6) and one count of possession of a firearm with an obliterated serial number in violation of 18 U.S.C. §§ 922(k) and 924(a)(1)(B). He was convicted pursuant to his guilty plea and sentenced to forty-four months in prison, and thirty-six months of supervised release. The district court also imposed a special assessment of $200, and a fine of $250. Upshaw appeals his sentence, contending that the district court erred in making a four-level upward adjustment for serious bodily injury pursuant to United States Sentencing Guidelines ("USSG") § 2A2.2(b)(3)(B). Upshaw, an Indian, shot his victim in the ankle, causing a puncture wound with some tenderness and minimal bleeding. The shooting occurred on the Navajo Indian Reservation in Arizona, in Indian Country. We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm.

## I

We are confronted here with the uncommon circumstance of having the descriptive factual account that formed the basis of Upshaw's guilty plea to assault resulting in serious bodily injury devolve into an admittedly more accurate and less severe descriptive account of the victim's injury by the time of sentencing. In Upshaw's Plea Agreement, the factual basis underlying his plea stated that he shot his victim with a rifle, "hitting [the victim] in the leg and shattering his fibula." Later on, however, Upshaw's Presentence Report stated that his victim sustained a "puncture wound to [sic] anterior part of the right ankle, with tenderness, and minimal bleeding. There was no other trauma found on the victim." No other facts were presented to the district court about the victim's injury or pain.

Based on the facts presented in the Presentence Report, the district court increased Upshaw's offense level by four levels pursuant to USSG § 2A2.2(b)(3)(B) for causing his victim to suffer serious bodily injury. At oral argument, Upshaw's counsel and counsel for the government agreed that the factual description in the Presentence Report accurately depicted the extent of the victim's injury. Because Upshaw does not challenge his underlying guilty plea, we limit our discussion to the appropriateness of the four-level increase for causing serious bodily injury.

## II

 We review de novo a district court's interpretation and application of the Sentencing Guidelines but review for clear error a district court's factual findings. *See United States v. Garcia–Camacho,* 122 F.3d 1265, 1267 (9th Cir.1997). We have not heretofore decided the question whether a district court's determination of what constitutes serious bodily injury is an application of the Guidelines requiring de novo review, or is a factual finding requiring clear error review. *See United States v. Greene,* 964 F.2d 911, 912 (9th Cir.1992). Given the basis for our resolution of this appeal, we need not decide what standard of review applies. Under either standard, we affirm the district court.

Upshaw pleaded guilty, and was convicted pursuant to that plea, of violating 18 U.S.C. §§ 1153(a) and 113(a)(6). Under 18 U.S.C. § 1153(a), an Indian who commits an "assault resulting in serious bodily injury (as defined in section 1365 of this title)" within Indian country is subject to punishment as others are punished who commit such an offense "within the exclusive jurisdiction of the United States." Section 113(a)(6) prescribes the punishment for the offense, and section 113(b)(2), just like section 1153(a), refers to section 1365 for the definition of "serious bodily injury."

As defined by 18 U.S.C. § 1365(g)(3), "serious bodily injury" is an injury which involves:

(A) a substantial risk of death;

(B) extreme physical pain;

(C) protracted and obvious disfigurement; or

(D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty.

18 U.S.C. § 1365(g)(3).

Upshaw's conviction established that the assault he committed was an assault that resulted in serious bodily injury. For such an assault, USSG § 2A2.2(b)(3)(B) requires a sentencing court to impose a four-level upward adjustment. That is what the district court did. Although the parties and the district court considered at length whether the assault actually fit within the definition of "serious bodily injury" as that term is defined in Upshaw's crime of conviction and in the Guidelines, such extended consideration was unnecessary. The sentencing factor of serious bodily injury was established by Upshaw's conviction. That was sufficient for the

court to impose the four-level upward adjustment.[1]

AFFIRMED.

---

**1.** The fact that the Sentencing Guidelines factor of "serious bodily injury" was established by Upshaw's conviction distinguishes this case from cases in which a sentencing factor is stipulated to. *See* USSG § 6B1.4 commentary at 372; *see also United States v. Mason,* 961 F.2d 1460, 1462 (9th Cir.1992).