UNITED STATES of America,
Plaintiff–Appellee,

v.

Ronnie FRENCH, Defendant–
Appellant.

No. 02–10215.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 6, 2002 *.

Filed Dec. 13, 2002.

Scott W. Edwards, Reno, Nevada, for the defendant-appellant.

Ronald C. Rachow, Assistant United States Attorney, Reno, Nevada, for the plaintiff-appellee.

Before: RYMER, THOMAS, and SILVERMAN, Circuit Judges.

PER CURIAM:

Ronnie French, a federal prisoner, appeals the district court's imposition of sentence after the entry of his guilty plea to two counts of bank robbery in violation of 18 U.S.C. § 2113(a) (1994). At his sentencing hearing, the district court determined that French had been convicted of two qualifying predicate offenses, which warranted application of the career offender enhancement pursuant to U.S. SENTENCING GUIDELINES MANUAL § 4B1.1 (2001). The first predicate offense was a 1995 conviction for the crime of burglary in violation of NEV. REV. STAT. § 205.060 (1995). For the second predicate offense, the district court relied upon French's entry of a guilty plea to a state criminal charge of robbery in viola-

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

tion of NEV. REV. STAT. § 200.380 (1995). Although French had entered his plea at the time of his federal sentencing hearing, he had not yet been sentenced on his state robbery charge. In the instant case, French contends that the district court improperly counted his plea as a predicate conviction under § 4B1.1 because he had not been sentenced for the crime prior to the federal sentencing hearing.

 French's reliance on state law is misplaced in light of the fact that "it is the federal definition that controls in applying federal recidivism statutes such as the career criminal offender guidelines." *United States v. Martinez*, 232 F.3d 728, 733 (9th Cir.2000). The district court thus properly concluded that the plain language in § 4B1.1 provides that for the purposes of the sentence enhancement, a conviction "shall be" counted from the date that a guilty plea is entered and not from the date of sentencing. Section 4B1.2(c) states that:

> The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two [qualifying] felony convictions ..., and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c). *The date that a defendant sustained a conviction shall be the date that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere.*

*Id.* (emphasis added).

By its plain language, § 4B1.2(c) requires that a conviction be considered a qualifying predicate offense effective from the date that a guilty plea is entered, regardless of whether a sentence has been imposed. *See also,* U.S. SENTENCING GUIDELINES MANUAL § 4B1.2, cmt. n. 4 (2001) (allowing for an unsentenced conviction as set forth in § 4A1.2(4) to be counted as a conviction for the career offender determination under § 4B1.1). Other circuits that have addressed this question have reached the same conclusion. *See United States v. Pierce*, 60 F.3d 886, 892 (1st Cir.1995) (holding that "pleas of nolo contendere are countable convictions under § 4B1.2"); *United States v. Gonzales*, 220 F.3d 922, 926 (8th Cir.2000) (holding "that an unsentenced guilty plea is a 'prior conviction' for purposes of § 4B1.1"). Thus, the district court correctly interpreted and applied § 4B1.1 in imposing the sentence.

**AFFIRMED.**