**UNITED STATES of America,**
**Plaintiff—Appellant,**

v.

**Faustino BARRUETA–MACEDO,**
**Defendant—Appellee.**

**No. 02–10406.**
**D.C. No. CR–02–401–TUC–RCC.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted June 12, 2003.

Decided Aug. 11, 2003.

Before D. NELSON and W. FLETCHER, Circuit Judges, and ALSUP,* District Judge.

MEMORANDUM**

Appellant Faustino Barrueta–Macedo appeals the district court's imposition of a 16–level sentencing enhancement under U.S.S.G. § 2L1.2 (2001) for his prior "aggravated assault" felony. Because Barrueta–Macedo's prior felony qualified for a 16–level "crime of violence" guideline enhancement despite that the term of imprisonment imposed for that prior felony was less than one year, we AFFIRM.

Barrueta–Macedo was indicted in a one-count indictment charging him with illegal re-entry after deportation under 8 U.S.C. § 1326, with a sentencing enhancement pursuant to 8 U.S.C. § 1326(b)(1) for a prior felony. It is undisputed that Barrueta–Macedo had a prior conviction of two counts of "aggravated assault with a deadly weapon and injury to a child," a felony for which he was sentenced to ten years probation. On May 7, 2002, Barrueta–Macedo pleaded guilty to the federal indictment pursuant to a written plea agreement, which included a four-level Sentencing Guideline enhancement for Barrueta–Macedo's prior felony.

The Presentence Investigation Report ("PSR") found that Barrueta–Macedo's "aggravated assault" conviction qualified as a felony "crime of violence" under the sentencing guideline as amended in 2001. U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2001). It therefore assessed a 16–level enhancement and indicated that the plea agreement was inapplicable because it was conditioned on U.S.S.G. § 2L1.2(b)(1)(D) or (E) applying, rather than (b)(1)(A). Barrueta–Macedo did not file any objections to the PSR.

At the sentencing hearing, Barrueta–Macedo never challenged the guideline calculation, but instead relied upon the plea agreement. The district court rejected the plea agreement and held that Barrueta–Macedo would be sentenced "as if it's an aggravated felony." The district court stated, "whether you call it an aggravated felony or a felony with violence, whatever you want to call it. It gives you 16 levels of enhancement every time you come back." Barrueta–Macedo received a sentence of 27 months imprisonment and 36 months supervised release. This sentence did not exceed the statutory maximum in 8 U.S.C. § 1326(b)(1) for an enhancement based upon a prior "felony."

The Court reviews de novo a district court's interpretation and application of the Sentencing Guidelines. *United States v. Upshaw*, 226 F.3d 1101, 1102 (9th Cir. 2000). Where a defendant raises an argument for the first time on appeal, however, his challenge is reviewed for plain error. *United States v. Sandoval–Venegas*, 292 F.3d 1101, 1109 (9th Cir.2002).

On appeal, Barrueta–Macedo argues that the district court erred because his prior offense could not qualify for a 16–level enhancement because it was not an "aggravated felony" under the statute. Because Barrueta–Macedo did not raise this argument below, object to the PSR, or challenge the guideline calculation at the

---

* The Honorable William Alsup, District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

sentencing hearing, his argument is subject only to plain-error review.

Barrueta–Macedo concedes that he had a prior felony conviction for an "aggravated assault." Thus the question on appeal is whether the district court erred in imposing a 16–level "crime of violence" enhancement under the amended guideline where defendant's prior offense did not qualify as an "aggravated felony" under the statute because defendant received no jail time. Under Section § 1101(a)(43)(F), an aggravated felony was defined as including as "a crime of violence (as defined in section 16 of title 18, United States Code, but not including a purely political offense) for which the term of imprisonment" is at least one year. It is undisputed that Barrueta–Macedo received no jail time for his prior "aggravated assault."

Barrueta–Macedo's prior "aggravated assault" was a "crime of violence" under U.S.S.G. § 2L1.2(b)(1)(A)(ii) (2001). This was true whether or not Barrueta–Macedo's prior felony was an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(F). *United States v. Pimentel–Flores*, 339 F.3d 959 (9th Cir.2003). Therefore, the term of imprisonment imposed for Barrueta–Macedo's prior offense was irrelevant. The application note defining a "crime of violence" for purposes of the guideline explicitly included "aggravated assault" felonies. U.S.S.G. § 2L1.2 cmt. n. 1(B)(ii). As such, a 16–level enhancement was therefore appropriate even though Barrueta–Macedo's prior offense was not a statutory "aggravated felony." Barreuta–Macedo's sentence is hereby AFFIRMED.