**UNITED STATES of America,**
**Plaintiff—Appellee,**

v.

**Juan De La CRUZ–OCHOA,**
**Defendant—Appellant.**

No. 03–10443.
D.C. No. CR–02–00162–HDM.

United States Court of Appeals,
Ninth Circuit.

Submitted March 15, 2004.*

Decided March 23, 2004.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

R. Don Gifford, II, United States Attorney's Office, Assistant United States Attorney, Reno, NV, for Plaintiff–Appellee.

Michael K. Powell, Esq., Federal Public Defender's Office, Reno, NV, for Defendant–Appellant.

Before B. FLETCHER, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Juan de la Cruz–Ochoa appeals his sentence of seventy-nine months following his guilty plea to a single federal count for illegal reentry of a deported alien in violation of 8 U.S.C. § 1326(a). We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.

Cruz–Ochoa contends that the sixteen-level increase pursuant to United States Sentencing Guidelines ("USSG") section 2L1.2(b)(1) does not apply since he pleaded guilty to the two state law felonies in question *before* he was deported, but formal judgment was not entered for those convictions until *after* he was deported. In the district court, Cruz–Ochoa did not object to the Presentence Report ("PSR") on which the district court relied for sentenc-

ing, nor did he object to the seventy-nine month sentence.

"We review de novo a district court's interpretation and application of the Sentencing Guidelines." *United States v. Upshaw,* 226 F.3d 1101, 1102 (9th Cir.2000). "Alleged sentencing errors are reviewed for plain error where the defendant has failed to object before the district court." *United States v. Randall,* 162 F.3d 557, 561 (9th Cir.1998). Plain error requires an (1) error, (2) that is plain, and (3) that affects substantial rights. *United States v. Delgado,* 357 F.3d 1061, 1065 (9th Cir. 2004).

Section 2L1.2(b)(1) of the Guidelines states that "[i]f the defendant previously was deported, or unlawfully remained in the United States, after-(A) a conviction for a felony that is ... (ii) a crime of violence ... increase by 16 levels." Guideline commentary provides that for the sentence enhancement to apply, the defendant must have been deported *after* the conviction. USSG § 2L1.2, cmt. n. 1(A)(ii).

 We hold that the district court did not commit plain error in determining that Cruz–Ochoa was "convicted" on the date he pleaded guilty to illegal reentry as opposed to the date when formal judgment was entered. *Cf. United States v. French,* 312 F.3d 1286, 1287 (9th Cir.2002) ("By its plain language, § 4B1.2(c) requires that a conviction be considered a qualifying predicate offense effective from the date that a guilty plea is entered, regardless of whether a sentence has been imposed."); USSG § 4A1.2(a) (" 'Convicted of an offense,' for the purposes of this provision, means that the guilt of the defendant has been established, whether by guilty plea, trial, or plea of nolo contendere."). Because Cruz–Ochoa was deported subsequent to a felo-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

**152**

ny conviction for a crime of violence, the district court did not commit plain error when it applied the sixteen-level enhancement pursuant to USSG section 2L1.2(b)(1)(A).

 Cruz–Ochoa also contends that the district court committed plain error in calculating his criminal history by assigning three points to an offense for which he was sentenced to less than thirteen months. *See* USSG § 4A1.1. However, even if the PSR had calculated thirteen criminal history points, instead of fourteen, Cruz–Ochoa would still have been placed in Criminal History Category VI. *See* USSG Sentencing Table. Therefore, any miscalculation was harmless error. *See United States v. Rutledge,* 28 F.3d 998, 1004 (9th Cir.1994); *United States v. Sanders,* 41 F.3d 480, 486–87 (9th Cir.1994).

Cruz–Ochoa argues in the alternative that the term to which he was sentenced for the 1995 Oregon offense was forty days, rather than the sixty days that was included in the PSR. Because Cruz–Ochoa failed to produce evidence which put the length of the prior sentence in question during the sentencing hearing, it was not plain error for the district court to rely on the PSR's statement that he was sentenced to a term of sixty days in calculating his criminal history. *See Randall,* 162 F.3d at 561.

AFFIRMED.