FILED

MAR 12 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

DEANNA MARIE BLACKMAN,

Defendant - Appellant.

No. 09-30235

D.C. No. 4:08-cr-00129-SEH-1

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted March 3, 2010
Portland, Oregon

Before: PAEZ, TALLMAN and M. SMITH, Circuit Judges.

Defendant-Appellant Deanna Marie Blackman raises procedural and

substantive challenges to her sentence after pleading guilty to Assault Resulting in

Serious Bodily Injury, in violation of 18 U.S.C. § 113(a)(6). We presume the

parties' familiarity with the facts and do not recount them here except as necessary

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Cir. R. 36-3.

to explain our decision. We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm.

"We review the district court's interpretation of the Sentencing Guidelines *de novo*, the district court's application of the Guidelines to the facts for abuse of discretion, and the district court's factual findings for clear error." *United States v. Loew*, 593 F.3d 1136, 1139 (9th Cir. 2010) (internal quotation marks omitted).

First, the district court did not err in applying a four-level enhancement pursuant to § 2A2.2(b)(2)(B) of the Guidelines. U.S. SENTENCING GUIDELINES MANUAL § 2A2.2(b)(2)(B) (2009). The district court properly determined that there was intent to cause bodily injury. *See United States v. Dayea*, 32 F.3d 1377, 1380 (9th Cir. 1994) (holding that § 2A2.2(b)(2)(B) requires intent to injure). Based on the unchallenged facts in the Presentence Report and Renville's testimony that Blackman entered the house, dragged Renville off the couch, kicked her, and hit her in the face with her crutch, the district court's finding of intent to

cause bodily injury was not clearly erroneous.[1]  In addition, there was insufficient evidence to show that Blackman was not sufficiently in control of her faculties, or otherwise "too [intoxicated] to form the requisite intent."  *United States v. Allen*, 341 F.3d 870, 891 (9th Cir. 2003); *accord United States v. Blalock*, 571 F.3d 1282, 1286 (D.C. Cir. 2009) (finding requisite specific intent for application of sentencing factor despite there being no dispute that the defendant was high on PCP and had stripped naked in the street in front of a police station and fired his gun).

Second, the district court did not err in applying a five-level enhancement for an assault resulting in "Serious Bodily Injury" pursuant to § 2A2.2(b)(3)(B). "The sentencing factor of serious bodily injury was established by [Blackman's] conviction."  *United States v. Upshaw*, 226 F.3d 1101, 1102 (9th Cir. 2000) (per curiam).  In addition, given that Renville suffered a broken nose, six stitches above her eye, and that the treating physician stated the assault resulted in serious bodily

---

[1] The district court was not required to find intent beyond a reasonable doubt.  *See United States v. Dare*, 425 F.3d 634, 642 (9th Cir. 2005) ("As a general rule, the preponderance of the evidence standard is the appropriate standard for factual findings used for sentencing."); *United States v. Ameline*, 409 F.3d 1073, 1077–78 (9th Cir. 2005) (en banc) ("Standing alone, judicial consideration of facts and circumstances beyond those found by a jury or admitted by the defendant does not violate the Sixth Amendment right to jury trial.  A constitutional infirmity arises only when extra-verdict findings are made in a mandatory guidelines system.").

injury due to extreme physical pain and protracted and obvious disfigurement, the district court's finding that Renville suffered serious bodily injury was not clearly erroneous.

Finally, the district court neither committed procedural error at sentencing nor imposed a substantively unreasonable sentence. The district court properly weighed the § 3553(a) factors as well as "listened to [Blackman's] arguments and then simply found these circumstances insufficient to warrant a sentence lower than the Guidelines range." *United States v. Amezcua-Vasquez*, 567 F.3d 1050, 1054 (9th Cir. 2009) (internal quotation marks and alterations omitted). The 46-month within-Guidelines sentence was not substantively unreasonable. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**