**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30036 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00057-SEH-1 |
| v. | |
| THOMPSON ST. PIERRE, | MEMORANDUM[*] |
| Defendant - Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30142 |
| Plaintiff - Appellee, | D.C. No. 4:11-cr-00057-SEH-3 |
| v. | |
| AUSTIN JOSEPH DENNY, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Circuit Rule 36-3.

Submitted February 7, 2013[**]
Seattle, Washington

Before: FISHER, GOULD and PAEZ, Circuit Judges.

Thompson St. Pierre appeals his sentence following his guilty plea for assault with a dangerous weapon. Austin Denny appeals his conviction and sentence for simple assault and assault with a dangerous weapon. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** We reject St. Pierre's argument that the district court erred by employing a five-point enhancement for an assault resulting in serious bodily injury because his codefendants were acquitted at trial of assault resulting in serious bodily injury. This argument is precluded by *United States v. Watts*, 519 U.S. 148, 157 (1997), which held that "a jury's verdict of acquittal does not prevent the sentencing court from considering conduct underlying the acquitted charge, so long as that conduct has been proved by a preponderance of the evidence." The victim's injuries, which included gashes causing substantial blood loss and requiring sutures, staples and hospitalization to repair, supported an enhancement for serious bodily injury. *See United States v. Corbin*, 972 F.2d 271, 272 (9th Cir. 1992) (upholding a sentencing enhancement for serious bodily injury because a laceration requiring a two-layer

---

[**]The panel unanimously concludes these cases are suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

closure using more than 25 sutures was "reasonably include[d]" in the "definition provided by the Commentary" to the Guidelines).

**2.** We reject Denny's argument that insufficient evidence supported his convictions, because the victim's testimony would permit a rational juror to conclude, beyond a reasonable doubt, that Denny intentionally held the victim down while St. Pierre and Young attacked him with weapons. *See United States v. Nevils*, 598 F.3d 1158, 1161 (9th Cir. 2010) (en banc) ("[W]e are obliged to construe the evidence 'in the light most favorable to the prosecution,' and only then determine whether '*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979))).

**3.** We reject Denny's argument that the district court erred by rejecting Denny's proposed jury instructions on mere presence and specific intent, because those theories were adequately covered by the other jury instructions. *See United States v. Mason*, 902 F.2d 1434, 1438 (9th Cir. 1990) ("[I]t is not reversible error to reject a defendant's proposed instruction on his theory of the case if other instructions, in their entirety, adequately cover that defense theory."), *overruling on other grounds recognized by United States v. Doe*, No. 11-10067, 2013 WL 363016, at *8 (9th Cir. Jan. 31, 2013).

3

**4.**     We reject Denny's argument that the district court erred by applying

sentencing enhancements for serious bodily injury and use of a dangerous weapon

without issuing a specific factual finding regarding whether Denny had the specific

intent to cause serious bodily injury or use a dangerous weapon.  Denny's

argument with respect to serious bodily injury is foreclosed by *United States v.*

*Garcia-Camacho*, 122 F.3d 1265, 1268 (9th Cir. 1997), which held that "[s]ection

2A2.2 . . . applies even where there is no finding that a defendant had the specific

intent to cause serious bodily injury."  With regard to the use of a dangerous

weapon, the district court properly relied on the fact that Denny was convicted of

assault with a dangerous weapon, which requires specific intent.  *See United States*

*v. Upshaw*, 226 F.3d 1101, 1102-03 (9th Cir. 2000) (holding that, if a fact is a

necessary element of the crime of conviction, that fact is sufficiently established to

support a sentencing enhancement).

     **AFFIRMED.**

4