**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-10457 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00027-GEB-2 |
| v. | |
| MAMTA SHARMA, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Garland E. Burrell, Jr., Senior District Judge, Presiding

Submitted January 13, 2014[**]
San Francisco, California

Before: WALLACE and BYBEE, Circuit Judges, and MAHAN, District Judge.[***]

Mamta Sharma appeals from her sentence, challenging the district court's

application of the sentencing guidelines following her guilty plea for conspiracy to

encourage or induce an alien to come to, enter or reside in the United States for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

private financial gain, in violation of 8 U.S.C. § 1324(a).  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court's interpretation and application of the United States Sentencing Guidelines is reviewed de novo.  *United States v. Upshaw*, 226 F.3d 1101, 1102 (9th Cir. 2000).  A district court's factual findings during sentencing are reviewed for clear error.  *United States v. Showalter*, 569 F.3d 1150, 1159 (9th Cir. 2009).  "In order to reverse a district court's factual findings as clearly erroneous, we must determine that the district court's factual findings were illogical, implausible, or without support in the record."  *United States v. Spangle*, 626 F.3d 488, 497 (9th Cir. 2010).

The district court did not clearly err in its factual findings leading to the imposition of a three-level sentencing enhancement based on Sharma's role in the conspiracy.  "If the defendant was a manager or supervisor . . . and the criminal activity involved five or more participants or was otherwise extensive," a three-level sentence enhancement is imposed.  U.S.S.G. § 3B1.1(b).  The enhancement applies if the sentencing judge finds that the defendant exercised some control over at least one of the other participants in the enterprise.  *United States v. Morgan*, 238 F.3d 1180, 1186-87 (9th Cir. 2001).  Therefore, a defendant who "organizes others in the commission of the criminal activity" may receive a role enhancement "even though he does not retain a supervisory role over the other participants."

*United States v. Montano*, 250 F.3d 709, 716 (9th Cir. 2001) (quoting *United States v. Varela*, 993 F.2d 686, 691 (9th Cir. 1993)).

Here, Sharma engaged in a multi-year scheme in which she, and others, conspired to submit fraudulent marriage and fiancé visa applications on behalf of Indian nationals seeking to enter the United States illegally. Sharma's involvement included traveling with and escorting recruits to and from India, dressing and coaching recruits for Indian engagement and wedding ceremonies, and assisting at least one Indian national with completing a marriage license application and opening a bank account in the United States. Given the facts of this case, it was not clear error for the sentencing judge to find that Sharma was a manager or supervisor and that the criminal activity involved five or more participants.

Sharma also contends that the district court plainly erred by applying an additional six-level increase under U.S.S.G. § 2L1.1(b)(2) for smuggling, transporting, or harboring unlawful aliens. Here, according to the stipulated facts in the plea agreement, the conspiracy involved more than 25 petitions submitted on behalf of the aliens. Sharma claims that § 2L1.1(b)(2) does not apply to her criminal activities, but she failed to object, we have not addressed this issue, and other courts have reached varying conclusions. Therefore, the district court did not plainly err in applying a six-level enhancement under U.S.S.G. § 2L1.1(b)(2). *United States v. De La Fuente*, 353 F.3d 766, 769 (9th Cir. 2003) ("An error

cannot be plain where there is no controlling authority on point and where the most closely analogous precedent leads to conflicting results").

The sentence is **AFFIRMED.**